## TROY v. BROWN (STURGIS, Intervener.)

Plaintiff sued to determine adverse claims relying on a tax deed adjudged in the action to be void. The record title was in defendant, who had delivered a deed in escrow for S., but the conditions of the escrow were never complied with, and the deed was surrendered to defendant. Subsequently S. had a copy made from memory, and filed it for record. Intervener claimed through S. Defendant, after the recording of the copy, failed to pay the taxes or to occupy the land, but there was nothing to show that intervener was harmed thereby. Judgment was rendered for defendant, and intervener alone appealed. Held, that the failure of the court to find that defendant had not paid the taxes or occupied the land, plaintiff not complaining, was not sufficient to justify reversal.

(Opinion filed April 5, 1904.)

Appeal from circuit court, Sanborn county; Hon. FRANK B. SMITH, Judge.

Action by Patrick Troy against John C. Brown, Lew I. Sturgis, intervener. From a judgment for defendant, intervener appeals. Affirmed.

*Preston & Hannett,* for appellant.

*N. B. Reed,* for respondent.

FULLER, J. Relying upon a tax deed adjudged to be void at the trial, plaintiff brought this action to determine conflicting claims to 160 acres of land in Sanborn county, and the intervener, who alone appeals, asserts title through mense conveyances from respondent, Brown, in favor of whom judgment was entered quieting the title. Nothing was claimed in the way of reimbursement for taxes paid, nor is the statute of limitations invoked, and the purported copy of a deed executed by respondent, John C. Brown, to W. W. Slocum, is the only basis for appellant's claim of ownership. The unassailed finding that respondent never executed and delivered a deed to Slocum is sustained by the following essential facts and circumstances relative thereto: In November, 1883, respondent executed and delivered to Slocum a chattel mortgage on one hundred head of cattle to secure the payment of their purchase price, amounting to $1,800. Shortly thereafter Slocum became dissatisfied with this security, and after some negotiation the parties entered into a contract by which respondent was to deed the land in controversy to Slocum for the stipulated price of $800, to be applied in part payment for the cattle, and also execute a mortgage on a certain building to secure the balance of the purchase price, together with certain

accrued interest.   The papers were executed and deposited in
escrow with a banker to be delivered to Slocum on the surrender
of respondent's $1,800 note and the chattel mortgage given to
secure the same.   Owing partially to respondent's inability to
carry out his agreement by obtaining insurance in favor of Slo-
cum on the mortgaged building, this agreement was never con-
summated, and on the 6th day of March, 1884, the mortgage
on the building and the deed in question, containing no filing
marks, was surrendered to respondent by the banker in the
presence of Mr. Slocum, who appears never to have had any of
such papers in his possession.   Though slightly conflicting, the
testimony is sufficient to show that the purported copy offered
and received in evidence was afterwards made from memory
at the instance of Mr. Slocum, and filed for record in the vil-
lage of Letcher on the 10th day of June, 1884, without the
knowledge or consent of respondent.   The refusal of the trial
court to find that respondent has neither paid the taxes, occupied
the land, nor exercised dominion over it since the recording of
the purported copy of a deed is the only point relied upon for
a reversal of the judgment appealed from.

Slocum, whose only evidence of title was the copy of a deed
made from memory, testified in part as follows: "I never made
any effort to correct that title from that time to this.   I never
brought any action to confirm my title.   *   *   *   *   I went
over the land with a party that I sold the land to once, and
marked out the ground where he was to break up to sow
flax.   I have been on the land three times.   I paid taxes and
there seemed to be no question as to the title of the land.   It
was wild, vacant land.   I never fenced it or made any improve-
ments on it.   I looked at it these three times, and I called that

taking possession of it." P. F. Sturgis, who apparently claimed title under Slocum, testified, in substance, that he once rented the land to a man who was to pay the taxes for the use of it, but, instead of doing so, suffered it to be sold at tax sale. Whether Slocum or any one claiming under him has ever been in actual accupancy of this unimproved prairie does not appear, and there is nothing to show that appellant has been injured by respondent's failure to pay the taxes, or assert his right to dominion over the property. During all these years respondent's warranty deed was of record and appellant had constructive notice that the recorded instrument upon which his title was based purported to be no more than a copy. Under all the circumstances disclosed by the record appellant is not entitled to invoke the doctrine of equitable estoppel, and the case relied upon by his counsel (Wampol v. Kountz, 14 S. D. 334, 85 N. W. 595, 86 Am St. Rep. 765), is not similar in any material particular. In the absence of any complaint on the part of the plaintiff, who acquired the tax title that was held to be void, the failure of the court to find that respondent has not paid the taxes or occupied and exercised dominion over the land is not sufficient to justify a reversal.

The judgment appealed from is affirmed.